UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD REYES, ) | |
| ) | |
| Movant, ) | Cause No. 2:20CV109-PPS |
| v. ) | |
| ) | Arising from 2:11CR77-PPS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Richard Reyes was tried before a jury on four charges. Count 1 charged a conspiracy to participate in racketeering activity. Count 2 charged a drug conspiracy involving cocaine and marijuana. Count 7 charged murder in aid of racketeering. Count 8 charged murder resulting from use and carrying of a firearm during and in relation to a crime of violence. On January 24, 2014, the jury found Reyes guilty of all four counts. [DE 832.]

Reyes was facing a life sentence on the racketeering murder in Count 7 under 18 U.S.C. §1959(a)(1). After the trial, the parties entered into a sentencing agreement that was filed with the court. [DE 1883.] The agreement explained the parties' objectives in entering into the agreement – that Reyes' purpose was to "mitigate the possible sentence" that might be imposed, and that the government's purpose was "to obtain finality of the conviction and sentence." [*Id.* at 1-2.] In an effort to fulfill the purposes of each, the parties agreed to jointly recommend a sentence of 276 months' imprisonment, and Reyes waived substantial rights to appeal his conviction or sentence, including

"any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." [*Id.* at 2,3.] On January 27, 2017, I sentenced Reyes to the agreed prison term of 276 months on each of counts 1, 2, 7 and 8, all terms to be served concurrently. [DE 1890 at 3.]

Now before me is Reyes' motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. §2255 [DE 2052.] The motion is filed *pro se*, and is not a model of clarity. I construe Reyes' argument as that his convictions on Counts 1, 7 and 8 are voided by the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). In *Davis*, the court held that the so-called "residual clause" of the definition of "violent felony" is unconstitutionally vague in 18 U.S.C. §924(c)(3)(B), the federal statute prohibiting using or carrying a firearm in connection with a crime of violence, which was the basis for Count 8 against Reyes.

**Waiver of Collateral Attack**

The government attempts to defeat Reyes' motion on several procedural grounds short of dealing with the substance of Reyes' argument. First, the government invokes Reyes' waiver of the right to bring a motion under §2255. Reyes' sentencing agreement retains only one ground for a later attack on his convictions, namely a claim of ineffective assistance of counsel relating directly to the waiver or its negotiation. [DE 1883 at 3.] The argument Reyes makes now is clearly not of that type and so is within the scope of the waiver. A knowing and intelligent waiver of collateral review is routinely upheld and enforced. *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012);

2

*Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).  The Seventh Circuit has "recognized only a 'few narrow and rare' grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review."  *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020).  These include the sentencing court's reliance on an unconstitutional factor such as race or gender, a sentence that exceeded the statutory maximum, or a proceeding that lacked a "minimum of civilized procedure."  *Id.*, quoting *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016).  None of these circumstances is present here.

In *Oliver*, two defendants brought §2255 motions challenging their §924(c) convictions on grounds similar to Reyes', namely that under recent Supreme Court decisions their predicate "crimes of violence" no longer qualified.  The Seventh Circuit held that the "broad and explicit terms of Oliver and Ross's collateral-attack waivers encompass their current challenges, whether they are labeled 'jurisdictional' or not."  *Oliver*, 951 F.3d at 845.  Even claims of facial unconstitutionality based on post-sentencing developments in the law are subject to waiver by express agreement, because "one major purpose of an express waiver is to account in advance for unpredicted future developments in the law."  *Id*.  And the subsequently invalidated residual clause does not merit an exception to waiver enforcement as a "constitutionally impermissible factor" akin to race or gender because that exception is ordinarily "limited to identity-based factors." *Id*. at 847-48.  Reyes' waiver of collateral attack forecloses his §2255 motion.

3

**Concurrent Sentence Doctrine**

Next the government points out that Reyes challenges only his convictions on Counts 1, 7 and 8, and not his conviction on Count 2, which alone would carry the same sentence.  As previously explained, Reyes received four concurrent sentences, each to a term of 178 months.  Even if Reyes were to succeed in voiding his conviction on the three other counts, his conviction and sentence on the drug conspiracy alleged in Count 2 would be undisturbed.  The government cites *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012):  "Even on direct appeal, courts are free to pretermit decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects."

Whether or not I have the discretion to forgo ruling on Reyes' motion in view of the concurrent sentences, I am not inclined to reject his §2255 on that basis.  To leave Reyes convicted of such serious crimes simply because they do not add to his punishment strikes me as an inherently unsatisfactory way of handling his legal challenge.   In any event, as this opinion demonstrates, there are several other bases for denying Reyes relief under §2255.

**Procedural Default**

The government next asserts that Reyes cannot seek relief under §2255 because he procedurally defaulted on his claim by not raising it on direct appeal.  By the time of Reyes' sentencing, the Seventh Circuit had held that the residual clause of §924(c) was unconstitutionally vague.  *See United States v. Cardena*, 842 F.3d 959, 995-96 (7th Cir.

5

2016). "Section 2255 cannot be employed as a substitute for a direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Reyes makes no effort to demonstrate cause and prejudice to overcome a procedural bar, or that a failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018). Procedural default provides a second basis for denial of Reyes' motion under §2255.

**Merits of Reyes' Claim**

Finally, although Reyes' waiver of collateral challenges is alone sufficient to support the denial of his current motion, I will also briefly explain why I conclude his argument lacks merit. Reyes repeatedly refers to Counts 1, 7 and 8, but only the §924 charge in Count 8 depends upon proof of a "crime of violence" to which *Davis* applies. The indictment's presentation of Count 8 specifically identified the pertinent crime of violence as the murder of Rene Alonzo in aid of racketeering activity as charged in Count 7, and further alleged that Reyes "did cause the death of a person through the use of a firearm, which killing is murder defined in 18 U.S.C. §1111, in that the

6

defendant, with malice aforethought, unlawfully killed a human being, that is Rene Alonzo, willfully, deliberately, and maliciously." [DE 652 at 26.][1]

"After *Davis*, a §924(c) conviction based on a crime of violence is valid only under the statute's 'elements clause,' which treats as crimes of violence only crimes that have as an element the actual, attempted, or threatened use of force." *Oliver*, 951 F.3d at 844.  A contention that the VICAR murder is not a crime of violence under the elements clause is a non-starter.  The government points out that the Seventh Circuit held as much earlier this year, albeit in a non-precedential order, when it rejected Reyes' co-defendant Juan Briseno's application for leave to pursue a successive §2255 motion to bring a *Davis* argument against his §924(c) conviction:

> Not surprisingly, we have recognized that attempted-murder statutes qualify as crimes of violence under similarly worded elements-based definitions, because all attempted murders necessarily require an attempt to unleash physical force upon a human body....Nothing about the attempted-murder-in-aid-of-racketeering statute, 18 U.S.C. §1959(a)(5) could take it outside that general rule.  Thus, there are no plausible grounds for thinking that *Davis* can affect Briseno's §924(c) conviction.

[DE 2071 at 2; *Juan Briseno v. United States*, No. 20-1652, at 2 (7th Cir. May 19, 2020).] The same conclusion applies to Reyes' murder in aid of racketeering charge under §1959(a)(1), and would defeat his argument if reached on the merits.

As the jury was instructed, conviction of Reyes on Count 8 required their finding beyond a reasonable doubt that he had  "committed the crime of murder in aid of

---

[1] Reyes is mistaken when he repeatedly refers to "conspiracy to murder" as the predicate crime of violence in this case.

racketeering as charged in Count Seven" and that "the killing constituted a murder within the meaning of federal law." [DE 837 at 46.] The applicable definition of murder required that Reyes had caused Alonzo's death with deliberate, premeditated intent. [*Id*. at 47.] As the Seventh Circuit has noted, murder is "the paradigm of an offense that comes within the elements clause of §924(e)." *Hill v. United States*, 877 F.3d 717, 720 (7th Cir. 2017), citing the Supreme Court's opinion in *Johnson v. United States*, 559 U.S. 133, 140-41 (2010). If I needed to address Reyes' ground for relief on the merits, I would find that he has shown no basis for invalidating any of his convictions or requiring resentencing.

Reyes' motion under §2255 will be denied. Because I am denying the motion, Rule 11 of the Rules Governing §2255 Proceedings requires me to issue or deny a certificate of appealability. Because Reyes has not made a substantial showing of the denial of a constitutional right, and reasonable jurists could not debate either the procedural or substantive reasoning for rejecting Reyes' motion, I will deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Reyes wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Defendant Richard Reyes Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 is DENIED, and a motion for certificate of appealability is also DENIED.

The Clerk shall enter judgment against Reyes and in favor of the United States in the civil case opened on the §2255, Cause No. 2:20CV109-PPS.

**SO ORDERED**.

ENTERED: July 21, 2020.

                                                       /s/ Philip P. Simon
                                                     PHILIP P. SIMON, JUDGE
                                                     UNITED STATES DISTRICT COURT